IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES HORTON, # 21153-055                                                           PETITIONER

VS.                                                         CIVIL ACTION NO. 3:19-cv-849-DPJ-FKB

WARDEN CHRISTOPHER RIVERS                                                            RESPONDENT

## REPORT AND RECOMMENDATION

This is an action filed pursuant to 28 U.S.C. § 2241 and brought by federal prisoner Charles Horton, who was incarcerated at the Yazoo City Federal Correctional Complex when he initially filed the petition. Horton has since been relocated to FCI Oakdale, located in Oakdale, Louisiana.[1] *See* [16]. Petitioner challenges his convictions for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). For the reasons set forth below, the undersigned recommends that the petition be dismissed.

I.     PROCEDURAL HISTORY

On September 6, 2011, Horton was charged in an eleven-count indictment in the United States District Court for the Northern District of Georgia with causing false representations to be made in the records of a federal firearms licensee, in violation of 18 U.S.C. §§ 924(a)(1)(A) (Counts One and Two); conspiring to cause those false representations, in violation of 18 U.S.C. §§ 371 and 924(a)(1)(A) (Count Three); possessing firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2)(Counts Four through Nine); and transporting into his state of

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373-374; *Rumfeld v. Padilla*, 124 S. Ct. 2711, 2722-2723 (2004). Since Horton was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.

residence, New York, firearms which he acquired in the Northern District of Georgia, in violation of 18 U.S.C. §§ 922(a)(3) and 924(a)(1)(D) (Counts Ten and Eleven). *United States v. Horton*, Case No. 1:11-cr-00427-TWT-AJB (N.D. Ga. 2011) at [1] (indictment).

Prior to trial, the parties stipulated that Horton was a convicted felon. *United States v. Horton*, 522 F. App'x 456, 459 (11th Cir. June 11, 2013). After the government dismissed Count Nine, the jury found Horton not guilty of Count Ten, but convicted Horton on all other counts, including five counts of possession of a firearm by a convicted felon. *Horton*, Case No. 1:11-cr-00427-TWT-AJB, at [159] (jury verdict). Thereafter, the district court sentenced Horton to a term of 60 months on each of Counts One, Two, Three, and Eleven to be served concurrently with each other; 120 months on each of Counts Four, Five, Six, and Seven (possessing firearms as a convicted felon) to be served concurrently with each other and with Counts One, Two, Three, and Eleven; and 85 months on Count Eight (possessing firearms as a convicted felon) to be served consecutively to Counts One to Three, Eleven, and Four to Seven, for a total term of imprisonment of 205 months. *Id.* at [176] at 3 (judgment). Additionally, the district court sentenced Horton to a term of three years of supervised release. *Id.* at 4.

On direct appeal, Horton argued that the evidence was insufficient to support his convictions for firearm possession; that the trial court erred by admitting evidence of prior crimes or bad acts under Rule 404(b) of the Federal Rules of Evidence; that the trial court erred by failing to declare a mistrial under *Bruton v. United States*, 391, U.S. 123 (1968); that the trial court erred by classifying him as an "organizer or leader"; and that his sentence was unreasonable. *Horton*, 522 F. App'x at 458-463. The Eleventh Circuit affirmed his convictions and sentences. *Id.* at 463.

On December 31, 2014, Horton signed his Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255, and it was filed in the district court on January 20, 2015. *Horton*, Case No. 1:11-cr-00427-TWT-AJB, at [230] at 1, 29. In his motion, Horton raised the issues he had raised on his direct appeal and, in addition, argued that he had suffered ineffective assistance of counsel and juror misconduct. *Id.* at [230] at 3. On September 7, 2017, the district court entered an order denying his motion. *Id.* at [302]. Horton filed a second motion pursuant to 28 U.S.C. § 2255, which was dismissed as successive and for lack of jurisdiction. *Id.* at [318], [322].

On February 27, 2019, Horton filed his first Petition for a Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241. *Horton v. Rivers*, Civil Action No. 3:19-cv-158-DPJ-FKB. Horton sought habeas relief on three grounds. In Ground One, he argued that his conviction should be set aside due to "[p]lain error, violation of due process, and severe prejudice," *id.* at [4] at 6, because his attorney provided him ineffective assistance of counsel and the sentencing court erred in denying his § 2255 motions. *Id.*; [5] at 3-7. In Ground Two, he asserted that his prior sexual-abuse conviction in New York no longer constituted a "crime of violence under §4B1.2" based on recent Supreme Court rulings. *Id.* at [4] at 6; [5] at 8-14. Finally, in Ground Three, he argued that "[t]he [p]robation [d]epartment illegally enhanced Petitioner['s sentence] without determining the validity of prior convictions." *Id.* at [4] at 6. More specifically, he argued that he received, in error, criminal-history points for his brother's conviction. *Id.* at [5] at 6. This Court found that none of these grounds met the criteria of the savings clause set forth in *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001), and dismissed the petition on June 11, 2019. *Id.* at [7].

3

II. DISCUSSION

Horton filed his current § 2241 petition on November 21, 2019. [1]. He argues that he is entitled to relief from his conviction based on *Rehaif*, 139 S. Ct. at 2191, which was handed down on June 21, 2019, ten days after his first § 2241 petition was dismissed. He asserts that relief under § 2241 is foreclosed to him in the Eleventh Circuit Court of Appeals pursuant to *McCarthan v. Director of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017), but he can proceed in this Court based on the Fifth Circuit's "savings clause" jurisprudence. [2] at 5-9. *See Reyes-Requena*, 243 F.3d at 893; *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010).

In *Rehaif*, the Supreme Court held that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that the defendant knowingly violated each of the material elements of § 922(g), *i.e.,* he must have known both that he possessed a firearm and that he had belonged to the relevant category of persons prohibited from doing so. 139 S. Ct. at 2200. Thus, Horton contends that in his case, the government was required to prove, and the jury to find, that (1) he knowingly possessed the firearm, (2) he was convicted of a felony before he possessed the firearm, (3) he knew that he had been convicted of a felony, and (4) before he possessed the firearm or ammunition, it had moved in interstate commerce. [2] at 6.[2]

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). A federal

---

[2] Horton recently filed a Motion to Amend [17] his petition to add a claim that the jury should have been given a separate instruction that he had "knowingly" possessed a firearm and that he knew he had been convicted of a felony. [17] at 2. The government filed a Response [18] in opposition to the Motion to Amend, and Horton subsequently withdrew it. *See* [19]. Accordingly, the undersigned recommends that the Motion [17] be denied as moot.

prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate where (1) a petitioner's claim is based upon a retroactively-applicable Supreme Court decision; (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion; and (3) the decision establishes that the petitioner may have been convicted of a nonexistent offense. *Reyes-Requena*, 243 F.3d at 904.

Since Horton filed his petition, the Fifth Circuit has clarified *Rehaif*'s application to § 2241 petitions. *See Abram v. McConnell*, 3 F.4th 783 (5th Cir. 2021); *see also Montgomery v. Hendrix*, No. 21-60643, 2022 WL 1117694 (5th Cir. Apr. 14, 2022)(affirming, based on *Abram*, this court's denial of a § 2241 petition brought pursuant to *Rehaif*). In *Abram*, the Fifth Circuit concluded that "[f]or a prisoner to show that he may have been convicted of a nonexistent offense, he (1) must assert that he did not violate the new requirement imposed by the intervening Supreme Court precedent and (2) must provide some evidence or argument backing that up." *Abram*, 3 F.4th at 785-786 (citation omitted). In addition, the Fifth Circuit noted that "those two requirements are particularly important in the *Rehaif* context because '[c]onvicted felons typically know they're convicted felons.'" *Id.* at 786 (alteration in original)(quoting *Greer v. United States*, 141 S. Ct. 2090, 2098-2099 (2021)). Moreover, when the petitioner fails to meet the third factor of *Reyes-Requena*, the court need not address whether the petitioner carries his burden on the first two factors. *Id.* at 785 n.2.

5

As in *Abram*, Horton fails on both requirements needed to show that he was convicted of a non-existent offense. Petitioner has failed to contend that he lacked knowledge of his felon status. *See also Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021)(per curiam)(rejecting a prisoner's actual-innocence argument – on the third prong of the savings-clause analysis – "[b]ecause [he] [did] not argue that he was unaware of his [] status . . . ."). Instead, Horton simply argues that the government failed to prove that he knew that he had been convicted of a felony. Furthermore, Horton stipulated before trial that he was a convicted felon as it related to his felon-in-possession charges.[3] *See Horton*, 522 F. App'x at 459; *see also Horton*, Case No. 1:11-cr-00427-TWT-AJB, at [131] (stipulation). And "[w]here a prisoner seeks relief under *Rehaif* but fails to 'argue that he was unaware of his [relevant] status, he has failed to demonstrate that he [is] entitled to proceed under §2255(e)'s savings clause.'" *Abram*, 3 F.4th at 786 (quoting *Palmer*, 844 F. App'x at 769). Likewise, Horton has failed to "provide some evidence or argument backing" up his claim that he is "actually innocent" of his convictions of being a felon in possession of firearms, "namely, whether he knew that he was a felon at the time he possessed [the] firearm[s]." *Montgomery*, 2022 WL 117694, at *2. Accordingly, Horton has failed to show that he meets the third prong of *Reyes-Requena*, and, thus, he fails to meet the savings clause exception of § 2255.

---

[3] According to Respondent, Horton had an extensive criminal history that included at least three felonies. [10] at 2. He pleaded guilty to fifth-degree attempted criminal possession of cocaine and was sentenced to one to three years of confinement. *Id.* He pleaded guilty to first-degree sexual abuse and was sentenced to two years of confinement. *Id.* Finally, he pleaded guilty to third-degree criminal possession of a weapon, and he was sentenced to two years of confinement following his sentence on the first-degree sexual abuse charge. *Id.*

III.    CONCLUSION

Because Horton cannot proceed under §2255(e), the undersigned concludes that this Court is without jurisdiction to consider the petition. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[4] with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 28th day of November, 2022.

/s/ F. Keith Ball    .
UNITED STATES MAGISTRATE JUDGE

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).